UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL GIGENA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RICK FINCH, et al.,<br><br>　　　　　Defendants. | 2:23-cv-01234 DAD CKD (PS)<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff's pro se complaint filed on June 27, 2023, is before the court for screening. (ECF No. 1.)[1] Plaintiff seeks to proceed in forma pauperis. (ECF No. 2.) Plaintiff's application makes the showing required by 28 U.S.C. § 1915, and the motion to proceed in forma pauperis is granted.

　　　　Upon screening the complaint, however, it is clear that the court lacks subject matter jurisdiction over plaintiff's state law claim of conversion. Because amending on the facts and legal theory presented would be futile, the complaint should be dismissed without leave to amend.

**I.　　Background**

　　　　Plaintiff, Gabriel Gigena, alleges defendant, Rick Finch, committed "the unlawful act of Conversion over American Indian Property[.]" (ECF No. 1 at 2.) Specifically, defendant Finch

---

[1] This matter is before the undersigned for these findings and recommendations pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

1  unlawfully took "American Indian vehicle VIN # 1P3ES46C0YD708200" ("Vehicle") on
2  December 2, 2019. (Id. at 29.)
3      Plaintiff filed a civil action against defendant Finch in the Amador County Superior Court
4  on January 3, 2020, in case No. 19-CVC-1151 ("Amador County civil action"). (See ECF No. 1
5  at 19-29.) Defendant, Kevin Hobson, was defendant Finch's attorney in the Amador County civil
6  action. (See id. at 2.) A hearing was held on September 21, 2020. (Id.) Judgment was entered on
7  September 24, 2020. (Id. at 5.) Sometime after the commencement of the Amador County civil
8  action and before the hearing on September 21, 2020, defendant Finch sold the Vehicle. (Id. at
9  29.)
10     Plaintiff filed the complaint in the present case on June 27, 2023. (ECF No. 1.) The
11 complaint asserts a cause of action for conversion under California law against defendant Finch.
12 (Id. at 2.) As to defendant Hobson, the complaint alleges "Mr. Hobson… committed perjury
13 and… advised his client to commit a felony." (Id. at 5.)

14     **II.     Legal Standards**
15     Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Insurance Co.
16 Of America, 511 U.S. 375, 377 (1994). In general, federal courts hear cases that arise in diversity
17 or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32.
18     The presumption is against jurisdiction and "the burden of establishing the contrary rests
19 upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir.
20 2006) (citing Kokkonen, 511 U.S. at 377). "If the court determines at any time that it lacks
21 subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see
22 Franklin v. State of Or., State Welfare Div., 662 F.2d 1337, 1342 (9th Cir. 1981) (court may
23 dismiss an action sua sponte for lack of jurisdiction).

24     **III.    Discussion**
25     The complaint asserts both federal question jurisdiction under 28 U.S.C. § 1331 and
26 diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at 2.) The complaint also lists 28
27 U.S.C. § 1362, 25 U.S.C. § 1302(a)(5), and 25 U.S.C. § 1304(a)(9) as potentially conferring
28 jurisdiction. Below, the court addresses these statutes and concludes court lacks jurisdiction.

|   |   |   |
|---|---|---|
| 1 | **A.** | **No Diversity Jurisdiction** |

The complaint and its attachments make clear that diversity jurisdiction under 28 U.S.C. § 1332 does not exist. See 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, … and is between … citizens of different States…."). Here, plaintiff's address of record is in California. Both defendant Finch and defendant Hobson are also located in California. (See ECF No. 1 at 63.)

**B.    No Federal Question Jurisdiction**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). A federal question exists if: (1) federal law creates the cause of action, or (2) a substantial question of federal law is a necessary element of a plaintiff's well-pleaded complaint. See Coeur d'Alene Tribe v. Hawks, 933 F.3d 1052, 1055 (9th Cir. 2019). Separately, under the "complete pre-emption" doctrine, when the pre-emptive force of a statute is so "extraordinary" that it "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," any claim purportedly based on that pre-empted state law is considered to arise under federal law. Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (citations omitted).

The mere fact that an Indian tribe or individual is party to a case does not create federal question jurisdiction. Newtok Vill. v. Patrick, 21 F.4th 608, 616 (9th Cir. 2021). "Nor is there any general federal common law of Indian affairs." Id.

Pertinent here, unlawful conversion of a tribal entity's property does not present a federal claim. See Chilkat Indian Vill. v. Johnson, 870 F.2d 1469, 1472 (9th Cir. 1989) (claims for conversion of artifacts brought by Indian village did not arise under federal law for federal jurisdiction purposes). Thus, defendant Finch's alleged conversion of the Vehicle does not

3

present a federal question even though plaintiff alleges the Vehicle was tribal property.

Before concluding the court lacks subject matter jurisdiction, the court examines the other statutes cited by plaintiff. First, plaintiff cites two sections from Title 25 of the Unites States Code: 25 U.S.C. § 1302(a)(5) and 25 U.S.C. § 1304(a)(9). Under the first section, "[n]o Indian tribe in exercising powers of self-government shall… take any private property for a public use without just compensation." 25 U.S.C. § 1302(a)(5). Plaintiff does not allege the Vehicle was taken by an Indian tribe in exercising powers of self-government, and 25 U.S.C. § 1302(a)(5) has no application to this case. The other Title 25 section cited by plaintiff contains a definition of the term "obstruction of justice," as it relates to the administration or due process of the laws of an Indian tribe. See 25 U.S.C. § 1304(a)(9). Neither section 1302 nor section 1304 provides a basis for subject matter jurisdiction.

Finally, the court considers whether 28 U.S.C. § 1362 confers jurisdiction for this case.

> The district courts shall have original jurisdiction of all civil actions, brought by any Indian tribe or band with a governing body duly recognized by the Secretary of the Interior, wherein the matter in controversy arises under the Constitution, laws, or treaties of the United States.

28 U.S.C. § 1362.[2]

As the statutory language makes clear, "[28 U.S.C.] § 1362 does not dispense with the requirement of pleading a federal question." Mescalero Apache Tribe v. Martinez, 519 F.2d 479, 482 (10th Cir. 1975) (federal court lacked subject matter jurisdiction over alleged breach of contract action brought by tribe). Here, as set forth above, plaintiff does not plead a federal question. Moreover, section 1362 is limited in that it "does not apply to suits by or against individual Indians." Newtok Vill., 21 F.4th at 616 (citation omitted). Thus, plaintiff cannot bring suit individually under section 1362, in any event.

////

---

[2] "[28 U.S.C. § 1362] was passed… when § 1331 had a monetary requirement… and was intended to permit Indian tribes to proceed in federal court even when the jurisdictional amount could not be met." Ponca Tribe of Indians of Oklahoma v. Cont'l Carbon Co., 439 F. Supp. 2d 1171, 1174 (W.D. Okla. 2006). "Sections 1331 and 1362 are now largely duplicative." Newtok Vill., 21 F.4th at 616.

In sum, the complaint does not plead a federal claim based on federal law and does not present any substantial federal question. Plaintiff has not identified an independent grant of jurisdiction conferring access to this forum. Complete diversity of the parties is also absent. Under these circumstances, the court lacks subject matter jurisdiction.

### IV. Conclusion, Order, and Recommendation

This court lacks subject matter jurisdiction over plaintiff's complaint. "Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." See Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

In addition, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint (ECF No. 1) be DISMISSED without prejudice, and without leave to amend, for lack of subject matter jurisdiction.

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: August 8, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8
Gigena23cv1234.dism.fr